**EXHIBIT C**

[별지 제41호 서식]

16F, Opulence Bldg.,254 Seocho-dae
Seocho-Gu, Seoul, 137-070, Korea

법무법인 세창 SECHANG & CO.

Tel. 02-595-7121
Fax. 02-595-9626

Registered No. 2025-235

# NOTARIAL CERTIFICATE

## SECHANG & CO.

16F, Opulence Bldg.,254 Seocho-daero,
Seocho-Gu, Seoul, 137-070, Korea



210㎜×297㎜ (보존용지(1종) 70g/㎡)

Caution regarding Personal Information Leakage   Submitted by: KIM Beomjin, Date and Time of Service Registration: June 10, 2025, 15:34, Printed by: JEONG Dooho, Date and Time of Download: June 10, 2025, 16:05

# Seoul Bankruptcy Court

**Decision**    This is a Certified Copy.

June 10, 2025

Lee Hyeseong, Junior Court Official

| | |
|---|---|
| Case | 2025Hoegi107 Claim for Avoidance |
| Applicant | OH Soogeun, Receiver for the Debtor, BANG Junho |
| | 28, Geomungol-gil, Jipyeong-myeon, Yangpyeong-gun, Gyeonggi-do, Republic of Korea |
| | Counsel for Applicant: LEE Jinman and LEE Hayeong, Attorneys-in-charge, Law Firm Songwoo |
| Respondent | Lemma Technologies Inc. |
| | Via Espana, Delta Bank Building, 6th Floor, Suite 604D, Panama City PA-8 Panama |
| | [Republic of Panama Registration Number: 155724970] |
| | BANG Junho, President |

## Order



1. The Respondent shall confirm to the Recovery Trustees of FTX Trading Ltd. that the assignment dated January 18, 2023, between the Debtor and the Respondent regarding the claims listed in the Attachment was avoided on May 20, 2025.

2. The Respondent shall provide notice to the Recovery Trustees of FTX Trading Ltd. to the same effect as stated in Paragraph 1 above.

3. Each party shall bear its own cost of this application.

## Purport of Application

It is same as the Order.

## Reasoning

### 1. Findings of Fact

According to the records of this case and the results of the hearing, the following facts are established.

- 1 -

Caution regarding Personal Information Leakage    Submitted by: KIM Beomjin, Date and Time of Service Registration: June 10, 2025, 15:34, Printed by: JEONG Dooho, Date and Time of Download: June 10, 2025, 16:05

A. The Debtor BANG Joonho (hereafter referred to as the "Debtor") is a person who developed a system trading program and managed various virtual currencies based on it, and the Respondent is a Panamanian corporation established with a 100% investment by the Debtor.

B. The Debtor received entrustments or leases of virtual assets from various domestic corporations and individuals and managed them by depositing most of the virtual currency into FTX (FTX Trading Ltd.), a virtual assets exchange in the United States of America (hereafter referred to as the "U.S."). However, as bankruptcy proceedings based on Chapter 11 of the U.S. Bankruptcy Code were commenced for FTX Trading Ltd. on November 11, 2022, and the withdrawal of virtual assets was suspended, the Debtor fell into a state of insolvency around that time, unable to repay debts that had reached maturity to creditors.

C. While holding the claims listed in the Attachment (hereafter referred to as the "Claims") against FTX Trading Ltd., the Debtor transferred the Claims to the Respondent free of charge on January 18, 2023.

D. Meanwhile, the Debtor's creditors, LIM Hyeongcheol and CHOI Jiwoong, filed an application for the commencement of rehabilitation proceedings against the Debtor with this Court on April 9, 2025, and a decision to commence rehabilitation proceedings for the Debtor was rendered on May 2, 2025.

## 2. Exercise of the Right of Avoidance and Restitution

A. Exercise of the Right of Avoidance

As established above, the Debtor transferred the Claims to the Respondent free of charge after falling into a state of insolvency. In light of this, along with the timing of the transfer, the Debtor's assets and liabilities, and the relationship between the Debtor and the Respondent, it is reasonable to conclude that at the time of the assignment, the Debtor was aware that the transfer of the Claims would prejudice the rehabilitation creditors. Therefore, unless there are special circumstances, the assignment of the Claims constitutes an avoidable act as prescribed under Article 100, Paragraph 1, Subparagraphs 1 and 4 of the Debtor Rehabilitation and Bankruptcy Act.

B. Method of Restitution

The assignment of the Claims in this case shall be deemed to have lost its effect on May 20, 2025, the date on which this application containing the Applicant's expression of intent to exercise the right of avoidance was served upon the Respondent. Therefore, the Respondent is obligated to restore the said Claims to the Applicant. Accordingly, the Respondent is duty-

- 2 -

Caution regarding Personal Information Leakage   Submitted by: KIM Beomjin, Date and Time of Service Registration: June 10, 2025, 15:34, Printed by: JEONG Dooho, Date and Time of Download: June 10, 2025, 16:05

bound to notify the Receiver of FTX Trading Ltd. to the effect that the assignment dated January 18, 2023, between the Debtor and the Respondent regarding the claims listed in the Attachment was avoided on May 20, 2025, and has thereby lost its effect.

## 3. Conclusion

As such, the Applicant's request in this case is well-founded and is hereby granted. Accordingly, the Court decides as set forth in the Order.

June 10, 2025

Judge        KIM Beomjin        <u>**Electronically signed**</u>

| |
|---|
| 1. If you object to the decision granting the Avoidance Claim, you may initiate an Action for Objection within one (1) month from the date of service of this authenticated copy. <br> 2. If you initiate an Action for Objection, please obtain a Certificate of Filing and submit it to the court that rendered this decision. |



Caution regarding Personal Information Leakage    Submitted by: KIM Beomjin, Date and Time of Service Registration: June 10, 2025, 15:34, Printed by: JEONG Dooho, Date and Time of Download: June 10, 2025, 16:05

Attachment

# List

All rights such as ownership, interests, etc. regarding the FTX accounts that BANG Junho registered and established on the cryptocurrency exchange, FTX.com, operated by FTX (FTX Trading Ltd.), using the email addresses, melon1919@naver.com or jhbaang@gmail.com (including but not limited to the following rights):

(a) all consent and property rights related to account ownership that currently exist or may occur in the future;

(b) all claims and claims against third parties in all rehabilitation, insolvency or restructuring proceedings currently in progress or that may occur in the future, including but not limited to all claims and causes of action against the Debtor or its affiliates (collectively, "Claims"), that the Assignor may hold through ownership of the accounts;

(c) all rights and interests of the Assignor relating to the Claims, including but not limited to the following:

(i) any right to receive digital assets, cash, securities, instruments, principal, interest, damages, penalties, fees, expenses, and/or other amounts or assets that may be paid or distributed in relation to the Claims;

(ii) any actions, claims (including "claims" as defined in section 101(5) of the United States Bankruptcy Code), rights or lawsuits of any nature whatsoever whether against the Debtor or any other parties, arising out of and in connection with the Claims;

(iii) any rights and interests arising out of or in connection with any attachment, exhibit, and/or supporting documentation relating to the Claims; (and)

(iv) If there are assignment agreements through which the Assignor or a prior assignor acquired the rights and obligations constituting or underlying a portion of the Claims, all those rights, ownership, and interests of the Assignor pursuant to the assignment agreements, (and)

(d) all proceeds against the Debtor or its affiliates, guarantors, or other third parties arising out of or pursuant to the matters specified in the preceding items (a), (b), (c), and this paragraph (d).

- 1 -

Caution regarding Personal Information Leakage   Submitted by: KIM Beomjin, Date and Time of Service Registration: June 10, 2025, 15:34, Printed by: JEONG Dooho, Date and Time of Download: June 10, 2025, 16:05

All the right, title, and interest in and to the trading accounts referenced by the email addresses: melon1919@naver.com; and jhbaang@gmail.com, hereafter each an "Account") including, but not limited to:

(a) all consents and financial rights now or hereafter existing and associated with ownership of the Account;

(b) any and all claims and causes of action (collectively, "Claims") against any Debtor, including without limitation any and all claims in any bankruptcy, insolvency, or restructuring proceeding for any Debtor or its affiliate that is presently pending or otherwise come into existence, or any other third party with respect to the Account, that the Assignor may hold by virtue of the Assignor's ownership of the Account;

(c) all rights and benefits of the Assignor relating to the Claims, including without limitation:

(i) any right to receive digital assets, cash, securities, instruments, principal,

- 2 -interest, damages, penalties, fees, expenses, and/or other amounts or other property, which may be paid or distributed with respect to the Claims;

(ii) any actions, claims (including, without limitation, "claims" as defined in section 101(5) of the Bankruptcy Code), rights or lawsuits of any nature whatsoever, whether against any Debtor or any other party, arising out of or in connection with the Claims;

(iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Claims; and

(iv) any and all of Assignor's right, title and interest in, to and under the transfer agreements, if any, under which the Assignor or any prior Assignor acquired the rights and obligations underlying or constituting a part of the Claim.

(d) any and all proceeds of any of the foregoing, whether against the Debtors or affiliates, any guarantor, or any other third party liable in respect thereof.

-The end

# 서 울 회 생 법 원

## 결 정

정본입니다.
2025. 6. 10.
법원주사 이혜성

사        건    2025회기107  부인의 청구

신   청   인    채무자 방준호의 관리인 오수근

경기 양평군 지평면 거문골길 28

신청대리인 법무법인 송우 담당변호사 이진만, 이하영

상   대   방    렘마테크놀로지스 인코퍼레이티드(Lemma Technologies Inc.)

파나마국 파나마시티 스페인길 델타뱅크빌딩 6층 스위트 604D호

[파나마국 등록번호 : 155724970](Via Espana, Delta Bank

Building, 6th Floor, Suite 604D, Panama City PA-8 Panama)

대표이사(President) 방준호

## 주    문

1. 상대방은 FTX Trading Ltd. 관리인에게 채무자 방준호와 상대방 사이의 별지 목록
   기재 채권에 관한 2023. 1. 18.자 양도행위가 2025. 5. 20. 부인되었음을 확인한다.
2. 상대방은 FTX Trading Ltd. 관리인에게 제1항과 같은 취지의 통지를 하라.
3. 신청비용은 각자 부담한다.

## 신 청 취 지

주문과 같다.

## 이    유

**1. 인정 사실**

이 사건 기록 및 심문 결과에 의하면 다음 사실이 인정된다.

가. 채무자 방준호(이하 '채무자'라 한다)는 시스템 트레이딩 프로그램을 개발하여 이

를 토대로 각종 가상화폐를 운용하던 사람이고, 상대방은 채무자가 100% 출자하여 설립한 파나마 국적의 회사이다.

나. 채무자는 국내 여러 법인과 개인으로부터 가상자산 투자의 위탁을 받거나 임대를 받아 그 가상화폐의 대부분을 미합중국(이하 '미국'이라 한다) 가상자산 거래소인 FTX(FTX Trading Ltd.)에 예치하여 운영해왔는데, 2022. 11. 11. FTX Trading Ltd.에 대한 미국 연방파산법 제11장의 도산절차가 개시되면서 가상자산의 출금이 중지됨에 따라 그 무렵 채권자들에게 변제기에 이른 채무를 변제하지 못하는 지급불능 상태에 빠지게 되었다.

다. 채무자는 FTX Trading Ltd.에 대하여 별지 목록 기재 채권(이하 '이 사건 채권'이라 한다)을 보유하고 있던 중 2023. 1. 18. 상대방에게 이 사건 채권을 무상으로 양도하였다.

라. 한편 채무자의 채권자들인 임형철, 최지웅은 2025. 4. 9. 이 법원에 채무자에 대한 회생절차개시 신청을 하였고, 2025. 5. 2. 채무자에 대한 회생절차개시결정이 이루어졌다.

## 2. 부인권의 행사 및 원상회복

가. 부인권 행사

채무자가 지급불능의 상태에 빠진 이후에 상대방에게 이 사건 채권을 무상으로 양도한 사실은 앞서 본 바와 같고, 이와 더불어 이 사건 채권의 양도 시점, 채무자의 자산 및 부채 상황, 채무자와 상대방의 관계 등에 비추어 보면, 이 사건 채권양도 당시 채무자는 상대방에 대한 채권양도가 회생채권자들을 해한다는 사실을 알고 있었다고 봄이 타당하다. 따라서 이 사건 채권의 양도는 특별한 사정이 없는 한 채무자 회생 및 파산에 관한 법률 제100조 제1항 제1호, 제4호가 규정한 부인할 수 있는 행위에 해당한다.

나. 원상회복의 방법

이 사건 채권의 양도는 신청인의 부인권 행사 의사표시가 기재된 이 사건 신청서가 상대방에게 송달된 2025. 5. 20. 그 효력이 상실되었다 할 것이므로 상대방은 신청

인에게 위 채권을 원상회복할 의무가 있다. 따라서 상대방은, FTX Trading Ltd. 관리인에게 채무자와 상대방 사이의 별지 목록 기재 채권에 관한 2023. 1. 18.자 양도행위가 2025. 5. 20. 부인되어 그 효력이 상실되었다는 취지의 통지를 할 의무가 있다.

## 3. 결론

그렇다면 신청인의 이 사건 신청은 이유 있으므로 이를 인용하기로 하여, 주문과 같이 결정한다.


2025. 6. 10.


판사    김 범 진        <u>전자서명완료</u>


> 1. 부인의 청구를 인용하는 결정에 불복이 있을 때에는 이 정본을 송달받은 날부터 1월 이내에 이의의 소를 제기할 수 있습니다.
> 2. 이의의 소를 제기한 경우에는 소제기증명원을 발급받아 이 사건을 결정을 한 재판부에 제출하시기 바랍니다.



별지

# 목록

방준호가 이메일 주소 melon1919@naver.com 또는 jhbaang@gmail.com 으로 FTX(FTX Trading Ltd.)가 운영하는 가상화폐 거래소 FTX.com에 등록하여 설정한 FTX 계정들에 관한 소유권, 이익 등 모든 권리(아래와 같은 권리를 포함하되 이에 국한되지 않음).

(a) 현재 존재하거나 향후 발생할 수 있는 계정 소유와 관련된 모든 동의권 및 재산권;

(b) 양도인이 계정의 소유권을 통해 보유할 수 있는, 채무자(Debtor) 또는 그 계열사에 대한 모든 청구 및 소송 원인(총칭하여 "청구권")을 포함하되 이에 한정되지 않는, 현재 진행 중이거나 향후 발생할 수 있는 모든 도산, 지급불능 또는 구조조정 절차 내의 청구권 및 제3자에 대한 관련 청구권;

(c) 청구권과 관련된 양도인의 모든 권리 및 이익으로서, 다음을 포함하되 이에 국한되지 않음:

  (i) 디지털 자산, 현금, 유가증권, 증서, 원금, 이자, 손해배상, 벌금, 수수료, 비용 및/또는 기타 금액 또는 자산으로서 청구권과 관련하여 지급되거나 분배될 수 있는 모든 권리;

  (ii) 채무자 또는 기타 당사자에 대한, 청구권과 관련하여 발생하는 모든 행위, 청구(미합중국 파산법(Bankruptcy Code) 제101(5)조에 정의된 "청구" 포함), 권리 또는 소송 등 일체의 권리;

  (iii) 청구권과 관련된 모든 첨부서류, 증거서류 및/또는 지원 문서에서 발생하거나 관련된 권리 및 이익;

  (iv) 청구권의 일부를 구성하거나 기초하는 권리 및 의무를 양도인이 또는 이전의 양도

- 1 -

인이 취득하게 된 양도계약이 있는 경우, 해당 계약에 따른 양도인의 모든 권리, 소유권 및 이익;

(d) 전 항목(a), (b), (c), 및 본 항(d)에서 명시된 사항으로부터 발생하거나 이에 따른 채무자 또는 그 계열사, 보증인, 기타 제3자에 대한 모든 수익.

-끝-

(영문)

All the right, title, and interest in and to the trading accounts referenced by the email addresses: melon1919@naver.com; and jhbaang@gmail.com, hereafter each an "Account") including, but not limited to:

(a) all consents and financial rights now or hereafter existing and associated with ownership of the Account;

(b) any and all claims and causes of action (collectively, "Claims") against any Debtor, including without limitation any and all claims in any bankruptcy, insolvency, or restructuring proceeding for any Debtor or its affiliate that is presently pending or otherwise come into existence, or any other third party with respect to the Account, that the Assignor may hold by virtue of the Assignor's ownership of the Account;

(c) all rights and benefits of the Assignor relating to the Claims, including without limitation:

  (i) any right to receive digital assets, cash, securities, instruments, principal,

interest, damages, penalties, fees, expenses, and/or other amounts or other property, which may be paid or distributed with respect to the Claims;

(ii) any actions, claims (including, without limitation, "claims" as defined in section 101(5) of the Bankruptcy Code), rights or lawsuits of any nature whatsoever, whether against any Debtor or any other party, arising out of or in connection with the Claims;

(iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Claims;

and

(iv) any and all of Assignor's right, title and interest in, to and under the transfer agreements, if any, under which the Assignor or any prior Assignor acquired the rights and obligations underlying or constituting a part of the Claim.

(d) any and all proceeds of any of the foregoing, whether against the Debtors or affiliates, any guarantor, or any other third party liable in respect thereof.

[별지 제45호 서식]

| | |
|---|---|
| 위 번역문은 원문과 상위없음을 서약합니다. | I swear that the attached translation is true to the original. |

2025년 12월 24일

December 24, 2025

서약인  유 성 현   (인)

Yu Seonghyeon
_____
Signature

---

등부 2025년 제235호

Registered No. 2025-235

인    증

## NOTARIAL CERTIFICATE

위 서약인 유성현은 본 공증인의 면전에서 위 번역문이 원문과 상위없음을 확인하고 서명날인하였다.

YU SEONGHYEON personally appeared before me, confirmed that the attached translation is true to the original and subscribed his name.

2025년 12월 24일 이 사무소에서 위 인증한다.

This is hereby attested on this 24th day of December, 2025 at this office.

공증사무소명칭
 공증인가 법무법인 세창
소속
 서울 중앙 지방 검찰청
소재지표시
 서울 서초구 서초대로254, 16
(서초동, 오퓨런스빌딩)

Name of the office
SECHANG & CO.

Belong to
Seoul Central District Prosecutor's Office
Address of the office
16F, Opulence Bldg.,254 Seocho-daero, Seocho-Gu, Seoul, Korea

공증담당변호사 주진태

JIN TAE JOO

본 사무소는 대한민국 법무부 장관의 인가를 받아 법률 제36호에 의거, 2025년 2월 7일부터 공증인의 직무를 수행할 수 있도록 정식으로 허가되었습니다.

This office has been authorized by the Minister of Justice, the Republic of Korea, to act as Notary Public since February, 2025 under Law No. 36.

210㎜×297㎜ (보존용지(1종) 70g/㎡)