**EXHIBIT E**

# **Exhibit 1**

## ASSIGNMENT AGREEMENT

**THIS ASSIGNMENT AGREEMENT** (this "Agreement") is entered into as of January 18, 2023 by and between Junho Bang, an individual domiciled in the Republic of Korea (the "Assignor"), and Lemma Technologies Inc., a company duly registered with number 155724970 under the Laws of the Republic of Panama (the "Assignee").

**WHEREAS**, the Assignor, is owner of trading accounts referenced by the email addresses: melon1919@naver.com; and jhbaang@gmail.com (each an "Account") and registered with the cryptocurrency exchange FTX.com (the "FTX Exchange"), which exchange was at all relevant times owned and operated by FTX Trading Ltd. ("FTX Trading") or its affiliates;

**WHEREAS**, on or about November 11, 2022, FTX Trading and approximately 130 affiliates (the "Debtors") filed voluntary petitions for relief under Title 11 of the United States Code (the "Bankruptcy Code") captioned under lead case number 22-bk-11068 in the United States Bankruptcy Court for the District of Delaware (the "Court");

**WHEREAS**, the Court's November 22, 2022 *Order (I) Authorizing Joint Administration of the Debtors' Chapter 11 Cases and (II) Granting Certain Related Relief* (Dkt. No. 128) identifies the Debtors and provides for the procedural consolidation and joint administration of the Debtors' bankruptcy proceedings;

**WHEREAS**, in connection with the Debtors' bankruptcy proceedings, the Assignor wishes to assign, transfer, convey and deliver the entirety of his legal and beneficial ownership interest in and to the Account, along with any related rights and claims with respect thereto (including, but not limited to, claims in any bankruptcy, insolvency, or restructuring proceeding relating to the Debtors), to the Assignee, and the Assignee desires to accept such assignment, transfer, conveyance and delivery;

**NOW, THEREFORE**, in consideration of the mutual covenants, terms, and conditions set forth in this Agreement, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties agree as follows:

1. Assignment. The Assignor hereby assigns and transfers to the Assignee all the Assignor's right, title, and interest in and to the Account including, but not limited to:

(a) all consents and financial rights now or hereafter existing and associated with ownership of the Account;

(b) any and all claims and causes of action (collectively, "Claims") against any Debtor, including without limitation any and all claims in any bankruptcy, insolvency, or restructuring proceeding for any Debtor or its affiliate that is presently pending or otherwise come into existence, or any other third party with respect to the Account, that the Assignor may hold by virtue of the Assignor's ownership of the Account;

48402092.1

(c) all rights and benefits of the Assignor relating to the Claims, including without limitation:

    (i) any right to receive digital assets, cash, securities, instruments, principal, interest, damages, penalties, fees, expenses, and/or other amounts or other property, which may be paid or distributed with respect to the Claims;

    (ii) any actions, claims (including, without limitation, "claims" as defined in section 101(5) of the Bankruptcy Code), rights or lawsuits of any nature whatsoever, whether against any Debtor or any other party, arising out of or in connection with the Claims;

    (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Claims; and

    (iv) any and all of Assignor's right, title and interest in, to and under the transfer agreements, if any, under which the Assignor or any prior Assignor acquired the rights and obligations underlying or constituting a part of the Claim.

(d) any and all proceeds of any of the foregoing, whether against the Debtors or affiliates, any guarantor, or any other third party liable in respect thereof (collectively, as described in clauses (a), (b), (c), and (d) of this paragraph 1, the "Transferred Assets").

2. <u>Representations and Warranties of the Assignor</u>. The Assignor hereby represents, warrants and covenants to the Assignee that:

(a) the Assignor is duly authorized and empowered to execute, deliver and perform his obligations under this Agreement and this Agreement is legal, valid, binding and enforceable against Assignor in accordance with its terms;

(b) the making and performance by the Assignor of this Agreement does not and will not violate any law, rule, or regulation of the jurisdiction under which the Assignor exists, any other law applicable to the Assignor, or any other agreement to which the Assignor is a party or by which the Assignor is bound;

(c) no consent, approval, filing or corporate, partnership or other action is required as a condition to or in connection with the execution, delivery and performance of this Agreement and the transactions contemplated herein;

(d) that the Assignor has not previously sold, assigned, participated, pledged or otherwise conveyed the Transferred Assets, in whole or in part, to any party; and

2

(e) the Assignor is not, and has never been, an "insider" of the Debtors within the meaning of section 101(31) of the Bankruptcy Code.

For the avoidance of doubt, and without diminishing the representations of the Assignor explicitly set forth herein, the Assignor does not represent or warrant to Assignee the amount in which any proof of claim filed in respect of the Transferred Assets (a "Proof of Claim") has been or may be allowed or the amount of any given distribution to be made by the Debtors in connection with the Transferred Assets.

3. **Waiver of Notice of Hearing**. The Assignor hereby waives any objection to, and expressly approves of, the transfer of the Transferred Assets, including but not limited to the Account, to the Assignee on the books and records of the Debtors and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of the Assignor by the Assignee for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Assets. The Assignor acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to the Assignor transferring to the Assignee the Transferred Assets, recognizing the Assignee as the sole owner and holder of the Transferred Assets, and directing that all payments or distributions of money or property in respect of the Transferred Assets be delivered or made to the Assignee.

4. **Transfer of Proceeds**. The Assignor agrees that if he receives any payments, distributions or proceeds in respect of the Transferred Assets, whether in the form of cash, securities, instruments or any other property, the aforementioned shall constitute property of the Assignee to which the Assignee has an absolute right. The Assignor shall hold such property in trust and will deliver to the Assignee any such property in the same form received, together with any endorsements or documents necessary to transfer such property to the Assignee as soon as reasonably practicable.

5. **Performance**. The Assignor agrees to: (a) promptly forward to the Assignee all notices received from the Debtors, the Court or any third party with respect to the Transferred Assets assigned herein, (b) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (c) take or cause to be taken all such other and further actions as the Assignee may reasonably request to carry out the terms of this Agreement

6. **Acceptance by Assignee**. The Assignee: (a) accepts the assignment of all Assignor's right, title, and interest in and to the Account; and (b) agrees to be bound by all the terms, covenants, and conditions of this Agreement. The Assignee hereby indemnifies and holds the Assignor harmless against any and all losses, costs, and expenses (including reasonable attorneys' fees) arising out of any obligations of Assignee relating to the Account which occur on or after, or arise from events occurring on or after, the date hereof.

7. <u>Compliance with Automatic Stay</u>. The Assignor and the Assignee expressly confirm that this Agreement is not intended and shall not be construed to provide for or require any act or omission prohibited by section 362 of the Bankruptcy Code or any analogous provision of foreign law applicable to the Transferred Assets.

8. <u>Heirs, Successors, and Assigns</u>. This Agreement shall bind and inure to the benefit of the parties hereto and their respective successors and assigns.

9. <u>Governing Law</u>. This Agreement and all other instruments referred to herein shall be governed by, and shall be construed according to, the laws of the State of Delaware of the United States of America without regard to conflict of law rules.

10. <u>Notices</u>. Any notice, demand or request required or permitted to be given under this Agreement will be in writing and will be deemed sufficient when delivered personally, by mail or overnight courier, or sent by email as follows: (a) three (3) business days after being mailed by first class mail as certified or registered mail with postage prepaid, (b) one (1) business day after being sent by an internationally recognized overnight delivery service with postage prepaid or (c) upon the date delivered by personal delivery or electronic mail transmission. For purposes of this section, "business days" shall mean and refer to all days other than (i) Saturdays; (ii) Sundays or legal public holidays. All notices to any other party must be addressed to the address set forth below such other party's signature hereto (or at such other address as may be designated in writing by notice given hereunder).

11. <u>Amendments and Modifications</u>. This Agreement may not be amended or modified in any manner other than by a written agreement signed by the parties to this Agreement.

12. <u>Severability</u>. If any provision of this Agreement is deemed to be unenforceable under applicable law, the parties agree to renegotiate such provision in good faith. If the parties cannot reach a mutually agreeable and enforceable replacement for such provision, then (i) such provision will be excluded from this Agreement, (ii) the balance of the Agreement will be interpreted as if such provision were so excluded and (iii) the balance of the Agreement will be enforceable in accordance with its terms to the extent permitted by applicable law.

13. <u>Counterparts</u>. This Agreement may be executed in any number of counterparts, each of which when so executed and delivered shall be deemed an original for all purposes, and all such counterparts shall together constitute but one and the same instrument.

[*Signature Page Follows*]

4

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date set forth above.

**Assignor**:

*Junho Bang*

DocuSigned by:
*Junho Bang*
50D7E6013D4B4FC...

Junho Bang

Agreed to and accepted by:

**Assignee**:

*Lemma Technologies Inc.*

DocuSigned by:
By: *Hanseok ko*
326980D0ED314D4...

Name: Han Ko
Title: Secretary

5