### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 15 |
| JUNHO BANG, | Case No. 25-12298 (KBO) |
| Debtor in a Foreign Proceeding. | |

### *EX PARTE* MOTION FOR ORDER SCHEDULING RECOGNITION HEARING AND SPECIFYING FORM AND MANNER OF SERVICE OF NOTICE

Professor Soogeun Oh, in his capacity as receiver (in such capacity, the "Receiver") and authorized foreign representative (in such capacity, the "Foreign Representative") of Mr. Junho Bang (the "Debtor" or "Mr. Bang"), who is the subject of a proceeding (Case Number: Seoul Bankruptcy Court 2025Hoedan142 Rehabilitation) (the "Korean Rehabilitation Proceeding") under the *Debtor Rehabilitation and Bankruptcy Act* (the "DRBA") currently pending before the Republic of Korea's Seoul Bankruptcy Court, 101st Single Bench (the "Korean Court"), respectfully states as follows in support of this motion (this "Motion"):

### Relief Requested

1.      The Foreign Representative respectfully requests entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"):

(a)     approving the proposed notice, annexed to the Order as Exhibit 1 (the "Recognition Hearing Notice"), which provides parties in interest notice of, among other things, the following:

(i)     the Foreign Representative's filing of a petitions for recognition under chapter 15 of the Bankruptcy Code (the "Chapter 15 Petitions") and the *Verified Petition for (I) Recognition of Foreign Main Proceeding; (II) Recognition of Foreign Representative; and (III) Related Relief Under Chapter 15 of the Bankruptcy Code* (the "Verified Petition");

(ii)     the deadline to object to final recognition of the Korean Rehabilitation Proceeding and the Court's entry of an order (the "Final Order") granting the relief sought in the Verified Petition on a final basis (the "Recognition Objection Deadline"); and

(iii)    the date, time, and location of the Recognition Hearing (defined below);

(b)     scheduling a hearing (the "Recognition Hearing") for the Court to consider final recognition of the Korean Rehabilitation Proceeding as a foreign main proceeding and the other relief sought in the Verified Petition on a final basis;

(c)     approving the manner of service on the Service List (as defined below) of the Recognition Hearing Notice; and

(d)     granting certain related relief.

## Background

2.     On the date hereof (the "Petition Date"), the Foreign Representative filed a voluntary petition for relief under chapter 15 of title 11 of the United States Code (the "Bankruptcy Code") for the Debtor in the United States Bankruptcy Court for the District of Delaware (the "Court"). A description of the Debtor and the events leading up to the commencement of the Korean Rehabilitation Proceeding and this Chapter 15 Case is included in the *Declaration of Soogeun Oh in Support of Verified Petition for (I) Recognition of Foreign Main Proceeding; (II) Recognition of Foreign Representative; and (III) Related Relief Under Chapter 15 of the Bankruptcy Code* (the "Oh Declaration"),[1] filed concurrently herewith and fully incorporated herein by reference.

## Jurisdiction and Venue

3.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334

---

[1]     Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Oh Declaration.

and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. The Foreign Representative confirms its consent, pursuant to Bankruptcy Rule 7008, to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4.     This Chapter 15 Case has been properly commenced pursuant to section 1504 of the Bankruptcy Code by the filing of a petition for recognition of the Korean Rehabilitation Proceeding under section 1515 of the Bankruptcy Code.

5.     Venue is proper pursuant to 28 U.S.C. § 1410(1) and (3).

6.     The statutory bases for the relief requested herein are sections 105(a), 1504, 1510, 1514, 1515, 1517, and 1521 of the Bankruptcy Code, rules 2002(l), 2002(m), 2002(p), 2002(q), and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 2002-1(b) and 9013-1(m) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## Basis For Relief

**I.     Form and Manner of Service of the Notice.**

7.     Bankruptcy Rule 2002(q)(1) provides, in pertinent part, that:

> After a petition for recognition of a foreign proceeding is filed, the court must promptly hold a hearing on it. The clerk or the court's designee must promptly give at least 21 days' notice by mail of the hearing to:
>
> - the debtor;
>
> - all persons or bodies authorized to administer the debtor's foreign proceedings;

- all entities against whom provisional relief is being sought under § 1519;

- all parties to litigation pending in the United States in which the debtor was a party when the petition was filed; and

- any other entities as the court orders.[2]

Bankruptcy Rule 2002(q), however, does not provide any additional details regarding the form and manner in which such notice must be given. Pursuant to Bankruptcy Rules 2002(m) and 9007, when notice is to be given under the Bankruptcy Rules, the presiding court may designate the form and manner in which such notice shall be given.[3]

### A. Recognition Hearing Notice.

8. The Foreign Representative will be serving copies of the Form Petition, the Verified Petition, and the Oh Declaration on the Notice Parties (as defined below) and/or their counsel (i) by e-mail on the Petition Date; and (ii) with the exception of the voluminous exhibits to the Oh Declaration (but including the Oh Declaration itself), by United States mail, first class postage prepaid, within one (1) business day of the Petition Date.

9. Pursuant to Bankruptcy Rule 2002(q), the Foreign Representative proposes to serve the Recognition Hearing Notice by United States mail, first class postage prepaid, and by electronic mail to the extent email addresses are available, within two (2) business days following entry of the Order on: (a) the Debtor; (b) the Receiver; (c) Svalbard; (d) the FTX Recovery Trust; (e) Lemma; (f) the Office of the United States Trustee for the District of Delaware; and (g) any party that has requested notice in this Chapter 15 Case pursuant to

---

[2]     Fed. R. Bankr. P. 2002(q).
[3]     Fed. R. Bankr. P. 2002(m), 9007.

Bankruptcy Rule 2002 (collectively, the "Service List").[4]

10.     The Recognition Notice will: (a) notify parties on the Service List of the filing of the Chapter 15 Petition and certain related pleadings in the Chapter 15 Case, including the Verified Petition, and the proposed Final Order (collectively, the "Notice Documents"); (b) set forth the Recognition Objection Deadline and the date and time of the Recognition Hearing; (c) notify parties on the Service List that copies of the Notice Documents are available and may be examined (i) free of charge by contacting the Foreign Representative's U.S. counsel or (ii) downloaded for a fee from the Court's electronic docket at www.deb.uscourts.gov; and (d) provide a telephone number, address, and email address by which parties on the Service List may obtain documents filed in this Chapter 15 Case, including the Notice Documents.

11.     Accordingly, the Foreign Representative respectfully requests that this Court approve the foregoing manner of service of the Notice Documents pursuant to Bankruptcy Rules 2002(m), 2002(q)(1), and 9007.

**B.      Objections to Chapter 15 Petitions and Verified Petition.**

12.     The Foreign Representative further requests that the Court require that objections or responses, if any, to the Chapter 15 Petition, recognition of the Korean Rehabilitation Proceeding as a foreign main proceeding, or to any of the other relief requested in the Verified Petition, (i) be in writing; (ii) detail the factual and legal basis for the response or objection; (iii) comply with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules of Bankruptcy

---

[4]     As noted in the *Verified List Pursuant to Federal Rules of Bankruptcy Procedure 1007(a)(4) and 1008*, filed concurrently herewith, the Debtor is not party to any litigation pending in the United States nor is the Foreign Representative seeking provisional relief under section 1519 of the Bankruptcy Code. Additionally, as set forth in the Oh Declaration, the Debtor does not have any known creditors in the United States.

Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"); and (iv) be filed with the Office of the Clerk of the Court, 824 N. Market Street, Third Floor, Wilmington, Delaware 19801, and served upon the following counsel to the Foreign Representative so as to be received by 5:00 p.m. (prevailing Eastern Time) on the date that is seven (7) days prior to the Recognition Hearing: Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, Delaware 19801, Attn: Steven Golden and Brooke Wilson.

**D.    Recognition Hearing.**

13.    The Foreign Representative requests that the Recognition Hearing be scheduled on or about January 22, 2026, or as soon thereafter as is convenient for the Court.

**Basis for Relief**

14.    Bankruptcy Rule 2002(q)(1) provides that parties are to be given 21-days' notice of a hearing to consider granting the relief requested in a chapter 15 petition.[5]   The notice also is required to state whether the petition seeks recognition as a foreign main proceeding or foreign nonmain proceeding, and include any other document that the court may require.[6]

15.    Bankruptcy Rules 2002(m) and 9007 provide that when notice is to be given under the Bankruptcy Rules, the court may enter orders designating the form and manner in which such notice shall be given.[7]   Further, section 105(a) of the Bankruptcy Code provides the Court with

---

[5]       Fed. R. Bankr. P. 2002(q)(1).
[6]       Fed. R. Bankr. P. 2002(q)(2).
[7]       Fed. R. Bankr. P. 2002(m) and 9007.

the power to grant the relief requested herein by the Foreign Representative.[8]

16.     The Recognition Hearing Notice and the proposed manner of serving the Recognition Hearing Notice and related papers should be approved because they meet the requirements of Bankruptcy Rule 2002(q).  The proposed Service List comprises of all the parties required to be served under Bankruptcy Rule 2002(q) (and additional parties not required to be served by that rule), and the Foreign Representative intends to give such parties at least 21 days' notice by mail of the Recognition Hearing as required by the rule.  Additionally, the Recognition Hearing Notice states that the Foreign Representative is seeking recognition of the Korean Rehabilitation Proceeding as a foreign main proceeding.

17.     Thus, the form of Recognition Hearing Notice and the manner and timing of service comply with Bankruptcy Rule 2002(q), are appropriate in this Chapter 15 Case, and should be approved.  Courts in this district frequently grant relief similar to that which is requested herein.  *See, e.g., In re Montoux Limited (In Liquidation)*, Case No. 25-10043 (MFW), Docket No. 23 (Bankr. D. Del. Jan. 16, 2025); *In re Rokstad Holdings Corp.*, Case No. 24-12645 (MFW), Docket No. 29 (Bankr. D. Del. Nov. 22, 2024); *In re Antamex Industries ULC*, Case No. 24-10934 (JKS), Docket No. 27 (Bankr. D. Del. May 6, 2024); *In re Nexii Building Solutions, Inc.*, Case No. 24-10026 (JKS), Docket No. 31 (Bankr. D. Del. Jan. 17, 2024).

### Waiver of Requirements of Section 1514(c) of the Bankruptcy Code

18.     The Foreign Representative respectfully requests that the Court waive, to the extent

---

[8]     *See* 11 U.S.C. § 105(a) (stating that a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the [Bankruptcy Code]"); *see also* 11 U.S.C. § 103(a) (chapter 1 is applicable in a case under  chapter 15).

applicable, the requirements of section 1514(c) of the Bankruptcy Code, which provides as follows:

> (c) When a notification of commencement of a case is to be given to foreign creditors, such notification shall—
>
> (1)    indicate the time period for filing proofs of claim and specify the place for filing such proofs of claim;
>
> (2)    indicate whether secured creditors need to file proofs of claim; and
>
> (3)    contain any other information required to be included in such notification to creditors under this title and the orders of the court.[9]

19.    It is not clear, however, that section 1514 of the Bankruptcy Code has any application in the context of an ancillary case under chapter 15 of the Bankruptcy Code. According to Collier, section 1514 of the Bankruptcy Code is the "last in a series of sections dealing with the international aspects of cases under chapters other than chapter 15."[10]    Indeed, the requirements for notification set forth in section 1514 are at variance with those requirements set forth under Bankruptcy Rule 2002(q) which clearly applies to a case under chapter 15 and with which the Foreign Representative shall comply.

20.    Moreover, section 1514(c) applies only when a "notice of commencement" is issued.    Under section 342(a) and Bankruptcy Rule 2002(f), a notice of commencement issues upon the entry of an order for relief.    But there is no "order for relief" in a chapter 15 case, nor is there a requirement to issue a notice of commencement as in other chapters under the Bankruptcy Code. Furthermore, section 342 does not apply in chapter 15 cases.[11]    For these reasons, the Foreign

---

[9]      11 U.S.C. § 1514(c).

[10]     8 COLLIER ON BANKRUPTCY ¶ 1514.01 (Richard Levin & Henry J. Sommer eds., 16th ed.).

[11]     *See* 11 U.S.C. § 103(a) (stating that "sections 307, 362(o), 555 through 557, and 559 through 562 apply in a case under chapter 15").

Representative does not believe that the requirements set forth in section 1514 apply to these cases; however, out of an abundance of caution, the Foreign Representative respectfully requests that, to the extent applicable, the notice requirements of section 1514 of the Bankruptcy Code be waived in these Chapter 15 Cases.

21.     In any event, the Foreign Representative will not conduct a claims process in this Chapter 15 Case; therefore, the requirements of section 1514(c) are not applicable.  As set forth in the Verified Petition, the claims process is ongoing in the Korean Rehabilitation Proceeding.

### Notice

22.     The Foreign Representative requests that the Court grant this Motion without notice.  The Foreign Representative will serve notice of entry of the signed Order in accordance with the procedures set forth in this Motion.  In light of the nature of the relief requested, the Foreign Representative requests that this Court find that no further notice is required.

*[Remainder of page intentionally left blank]*

WHEREFORE the Foreign Representative respectfully requests the Court enter the Order, in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as it deems just and proper.

Dated: December 31, 2025

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Steven W. Golden*
Steven W. Golden (DE Bar No. 6807)
Brooke E. Wilson (*pro hac vice* pending)
919 North Market Street, 17th Floor
Wilmington, Delaware 19899-8705
Tel:  302-652-4100
Fax: 302-652-4400
sgolden@pszjlaw.com
bwilson@pszjlaw.com

*Attorneys for Foreign Representative*

-and-

**ADVANCED LEGAL P.C.**
Woong Kyu Sung (*pro hac vice* pending)
143 E. Ridgewood Avenue, Suite 1540
Ridgewood, NJ 07450-3815
attorney@advancedlegal.io

*U.S. Counsel to Receiver*