# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> JUNHO BANG, <br><br>   Debtor in a Foreign Proceeding. | Chapter 15 <br><br> Case No. 25-12298 (KBO) <br><br> **Related Docket Nos. 5, 11** |

## FOREIGN REPRESENTATIVE'S MOTION FOR LEAVE TO FILE A LATE REPLY IN SUPPORT OF THE VERIFIED PETITION FOR (I) RECOGNITION OF FOREIGN MAIN PROCEEDING; (II) RECOGNITION OF FOREIGN REPRESENTATIVE; AND (III) RELATED RELIEF UNDER CHAPTER 15 OF THE BANKRUPTCY CODE

Professor Soogeun Oh, in his capacity as receiver (in such capacity, the "Receiver") and authorized foreign representative (in such capacity, the "Foreign Representative") of Mr. Junho Bang (the "Debtor" or "Mr. Bang"), who is the subject of a proceeding (Case Number: Seoul Bankruptcy Court 2025Hoedan142 Rehabilitation) (the "Korean Rehabilitation Proceeding") under the *Debtor Rehabilitation and Bankruptcy Act* (the "DRBA") currently pending before the Republic of Korea's Seoul Bankruptcy Court, 101st Single Bench (the "Korean Court"), states as follows in support of this motion:

### Relief Requested

1.    The Foreign Representative seeks entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), granting the Foreign Representative leave to file a late reply (the "Reply") in support of the *Verified Petition for (I) Recognition of Foreign Main Proceeding; (II) Recognition of Foreign Representative; and (III) Related Relief Under Chapter 15 of the Bankruptcy Code* [Docket No. 5] (the "Verified Petition") on or before January 16, 2026 at 12:00 p.m. (prevailing Eastern Time). The Foreign Representative has conferred with counsel to Svalbard Holdings Limited ("Svalbard"), the sole limited objector to the Verified Petition, and they consent to the relief requested herein.

**Jurisdiction and Venue**

2. The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. The Foreign Representative confirms his consent pursuant to Rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. This Chapter 15 Case has been properly commenced pursuant to section 1504 of the Bankruptcy Code by the filing of a petition for recognition of the Korean Rehabilitation Proceeding under section 1515 of the Bankruptcy Code. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief requested herein are section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Local Rule 9006-1(d).

**Background**

5. On December 18, 2025, the Receiver submitted an *Application for Permission to File a Lawsuit for Recognition of Foreign Insolvency Proceedings* (the "Chapter 15 Authorization Application") with the Korean Court. In the Chapter 15 Authorization Application, the Receiver requested that the Korean Court "grant authority for the Receiver to exercise rights representing this rehabilitation proceeding in the relevant procedure, and grant permission to proceed with necessary legal procedures in the United States" as set forth therein. On December 18, 2025, the Korean Court issued an order (the "Chapter 15 Authorization Order"), granting the relief requested

in the Chapter 15 Authorization Application. On December 31, 2025, the Receiver filed a petition for recognition under chapter 15 of the Bankruptcy Code for the Debtor (the "Chapter 15 Case") in the United States Bankruptcy Court for the District of Delaware (the "Court").

6. A description of the Debtor and the events leading up to the commencement of the Korean Rehabilitation Proceeding and this Chapter 15 Case is included in the *Declaration of Soogeun Oh in Support of Verified Petition for (I) Recognition of Foreign Main Proceeding; (II) Recognition of Foreign Representative; and (III) Related Relief Under Chapter 15 of the Bankruptcy Code* (the "Oh Declaration"), which is incorporated herein by reference. Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Oh Declaration.

7. The Foreign Representative filed the Verified Petion on December 31, 2025. A hearing on the Verified Petition is currently scheduled for January 20, 2026 at 1:00 p.m. (prevailing Eastern Time) (the "Hearing"). The deadline for objections to the Verified Petition was January 13, 2026 at 5:00 p.m. (prevailing Eastern Time).

8. On January 13, 2026, Svalbard filed an objection to the Verified Petition [Docket No. 11] (the "Objection"). The Receiver wishes to reply to the Objection.

9. Pursuant to Local Rule 9029-3(a)(i), the agenda for the Hearing is required to be filed on or before noon (prevailing Eastern Time) on January 15, 2026. Accordingly, because of the intervening weekend and federal holiday, pursuant to Local Rule 9006-1(d), the deadline for the Foreign Representative to file a Reply (the "Reply Deadline") would be 4:00 p.m. (prevailing Eastern Time) on January 14, 2026—less than 24 hours following the objection deadline.

## Basis for Relief

10. Pursuant to Local Rule 9006-1(d), "[r]eply papers by the movant, or any party that has joined the movant, may be filed by 4:00 p.m. prevailing Eastern Time the day prior to the deadline for filing the agenda." Del. Bankr. L.R. 9006-1(d).

11. Here, cause exists to allow the late filing of the Reply. Due to the upcoming federal holiday, the Reply Deadline falls less than 24 hours after the deadline to file objections. Additionally, the Foreign Representative is located in Korea and the 14-hour time zone difference complicates the Foreign Representative's and his counsel's ability to coordinate and prepare a Reply in the original time frame. Given the timing of the objection deadline, the agenda filing deadline (in light of the federal holiday), and the Hearing, the Foreign Representative requires time to review the Objection and to prepare and file the Reply. The Foreign Representative submits that no parties will be prejudiced by the filing of a late Reply. In fact, prior to the filing of this motion, counsel to the Foreign Representative conferred with counsel to Svalbard regarding the requested extension and counsel for Svalbard consented to the requested extension. Also, the Foreign Representative believes the information contained in the Reply will assist the Court in its review of this matter. Accordingly, the Foreign Representative seeks leave to file a late Reply and to have the Reply deemed timely filed.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Foreign Representative respectfully requests that the Court enter the Proposed Order granting the relief requested herein and granting such other and further relief as may be just and proper.

Dated: January 14, 2026                    **PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Steven W. Golden*
Steven W. Golden (DE Bar No. 6807)
Brooke E. Wilson (*pro hac vice* forthcoming)
919 North Market Street, 17th Floor
Wilmington, Delaware 19899-8705
Tel:  302-652-4100
Fax: 302-652-4400
sgolden@pszjlaw.com
bwilson@pszjlaw.com

*Attorneys for Foreign Representative*

-and-

**ADVANCED LEGAL P.C.**
Woong Kyu Sung (*pro hac vice* forthcoming)
143 E. Ridgewood Avenue, Suite 1540
Ridgewood, NJ 07450-3815
attorney@advancedlegal.io

*U.S. Counsel to Receiver*