**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>JUNHO BANG,<br><br>Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 25-12298 (KBO) |

**ORDER GRANTING VERIFIED PETITION FOR (I) RECOGNITION OF FOREIGN MAIN PROCEEDING; (II) RECOGNITION OF FOREIGN REPRESENTATIVE; AND (III) RELATED RELIEF UNDER CHAPTER 15 OF THE BANKRUPTCY CODE**

Upon consideration of the *Verified Petition for (I) Recognition of Foreign Main Proceeding; (II) Recognition of Foreign Representative; and (III) Related Relief Under Chapter 15 of the Bankruptcy Code* (together with the Form Petition filed concurrently therewith, the "Motion"),[1] filed by Professor Soogeun Oh, in his capacity as receiver (in such capacity, the "Receiver") and authorized foreign representative (in such capacity, the "Foreign Representative") of Mr. Junho Bang (the "Debtor" or "Mr. Bang"), who is the subject of a proceeding (Case Number: Seoul Bankruptcy Court 2025Hoedan142 Rehabilitation) (the "Korean Rehabilitation Proceeding") under the *Debtor Rehabilitation and Bankruptcy Act* (the "DRBA") currently pending before the Republic of Korea's Seoul Bankruptcy Court, 101st Single Bench (the "Korean Court"); and upon the hearing on the Motion and this Court's review and consideration of the Motion, the Oh Declaration, and the evidence submitted in support thereof; IT IS HEREBY FOUND AND DETERMINED THAT[2]:

---

1 Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2 The findings and conclusions set forth herein and in the record of the hearing on the Motion constitute this Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). To the extent any of the findings of fact herein constitute conclusions of law, they are adopted as such. To the extent any of the conclusions of law herein constitute findings of fact, they are adopted as such.

A. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 as well as the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.

B. Venue is proper before this Court as to the Debtor pursuant to 28 U.S.C. § 1410. This is a core proceeding pursuant to 28 U.S.C. § 157(b) and this Court may enter a final order consistent with Article III of the United States Constitution.

C. Appropriate notice of the filing of, and the hearing on, the Motion was given, which notice is deemed adequate for all purposes, and no other or further notice need be given.

D. No objections or other responses were filed that have not been overruled, withdrawn, or otherwise resolved.

E. This Chapter 15 Case was properly commenced pursuant to sections 1504, 1509, and 1515 of the Bankruptcy Code.

F. The Debtor has property in the United States, and the Debtor is eligible to be a debtor in a chapter 15 case pursuant to, as applicable, sections 109 and 1501 of the Bankruptcy Code.

G. The Foreign Representative is a "person" pursuant to section 101(41) of the Bankruptcy Code and is the duly appointed "foreign representative" of the Debtor as such term is defined in section 101(24) of the Bankruptcy Code. The Foreign Representative has satisfied the requirements of section 1515 of the Bankruptcy Code and Bankruptcy Rule 1007(a)(4).

H. The Korean Rehabilitation Proceeding is entitled to recognition by this Court pursuant to section 1517 of the Bankruptcy Code.

I. The Korean Rehabilitation Proceeding is pending in the Republic of Korea, where the Debtor has the "center of [his] main interests" as referred to in section 1517(b)(1) of the

Bankruptcy Code. Accordingly, the Korean Rehabilitation Proceeding is a "foreign main proceeding" as to the Debtor pursuant to section 1502(4) of the Bankruptcy Code, and is entitled to recognition as a foreign main proceeding pursuant to section 1517(b)(1) of the Bankruptcy Code.

J. The Foreign Representative is entitled to all the relief available and provided pursuant to sections 1507, 1520, and 1521 of the Bankruptcy Code, without limitation, because those protections are necessary to effectuate the purposes of chapter 15 of the Bankruptcy Code and to protect the assets of the Debtor and the interests of the Debtor's creditors.

K. Good, sufficient, appropriate, and timely notice of the filing of, and the hearing on (to the extent necessary), the Motion was given, which notice was deemed adequate for all purposes, and no further notice need be given.

L. All creditors and other parties in interest, including the Debtor, are sufficiently protected by the grant of relief ordered hereby in accordance with section 1522(a) of the Bankruptcy Code.

M. The relief granted hereby is necessary to effectuate the purposes and objectives of chapter 15 and to protect the Debtor and the interests of his creditors and other parties in interest, is in the interest of the public and international comity, consistent with the public policy of the United States, and will not cause any hardship to any party in interest that is not outweighed by the benefits of the relief granted. Absent the requested relief, the efforts of the Debtor and the Foreign Representative in conducting the Korean Rehabilitation Proceeding may be frustrated by the actions of individual creditors and other parties, a result contrary to the purposes of chapter 15.

**BASED ON THE FOREGOING FINDINGS OF FACT AND AFTER DUE DELIBERATION AND SUFFICIENT CAUSE APPEARING THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Motion is granted.

2. The Korean Rehabilitation Proceeding is recognized as a foreign main proceeding as to the Debtor pursuant to section 1517 of the Bankruptcy Code and the Debtor and the Foreign Representative are entitled to the protections of section 1520 and 1521 of the Bankruptcy Code (including sections 1521(a)(1) – (6) of the Bankruptcy Code), including, without limitation, the application of the protection afforded by the automatic stay under section 362 of the Bankruptcy Code to the Debtor and to the Debtor's property that is within the territorial jurisdiction of the United States.

3. The Receiver is the duly appointed foreign representative of the Debtor within the meaning of section 101(24) of the Bankruptcy Code, is authorized to act on behalf of the Debtor in these Chapter 15 Cases, and is established as the exclusive representative of the Debtor in the United States.

4. The Avoidance Order of the Korean Court rendered in the Korean Rehabilitation Proceeding is hereby given full force and effect, on a final basis, with respect to the Debtor and the Debtor's property that now or in the future is located within the territorial jurisdiction of the United States, including, without limitation, staying the commencement or continuation of any actions against the Debtor or the Debtor's assets (except as otherwise expressly provided herein or therein).

5. All objections, if any, to the Motion or the relief requested therein that have not been withdrawn, waived, or settled by stipulation filed with the Court, and all reservations of rights included therein, are hereby overruled on the merits.

6. Upon entry of this order (this "Order"), the Korean Rehabilitation Proceeding and the Avoidance Order shall be and hereby are granted comity and given full force and effect in the United States and, among other things:

a. the protections of section 362 of the Bankruptcy Code applies to the Debtor;

b. all persons and entities are enjoined from taking any actions inconsistent with the Korean Rehabilitation Proceeding and from seizing, attaching, and enforcing or executing liens or judgments against the Debtor's property in the United States or from transferring, encumbering or otherwise disposing of or interfering with the Debtor's assets or agreements in the United States without the express consent of the Foreign Representative;

c. all persons and entities are enjoined from commencing or continuing, including the issuance or employment of process of any judicial, administrative, or any other action or proceeding involving or against the Debtor or his assets or proceeds thereof, or to recover a claim or enforce any judicial, quasi-judicial, regulatory, administrative, or other judgment, assessment, order, lien or arbitration award against the Debtor or his assets or proceeds thereof; and

d. all persons and entities are enjoined from commencing any suit, action, or proceeding against the Debtor, the Foreign Representative, or any of their respective successors, agents, employees, representatives, advisors, or attorneys in respect of any claim or cause of action, in law or in equity, arising out of or relating to any action taken or omitted to be taken in connection with this Chapter 15 Case and the Korean Rehabilitation Proceeding.

7. The Foreign Representative shall be entitled to the full protections and rights enumerated under section 1521(a)(5) and 1521(b) of the Bankruptcy Code, and accordingly, the Foreign Representative:

a. is entrusted with the administration or realization of all or part of the Debtor's assets located in the United States;

b. has the right and power to examine witnesses, take evidence, or deliver information concerning the Debtor's assets, affairs, rights, obligations, or liabilities; and

c. is entrusted with the distribution of all or part of the Debtor's assets located in the United States.

8. Upon entry of this Order, as set forth in section 1509(b) of the Bankruptcy Code, (a) the Foreign Representative may apply directly to a court in the United States (including, but not limited to, the NY State Court)[3] for appropriate relief in that court; and (b) a court in the United States (including, but not limited to, the NY State Court) shall grant comity or cooperation to the Foreign Representative as appropriate under applicable law.

9. All parties who believe they have a claim against the Debtor are obligated to file such claim in, and only in, the Korean Rehabilitation Proceeding.

10. The Foreign Representative is hereby established as the representative of the Debtors with full authority to administer the Debtor's assets and affairs in the United States.

11. The Foreign Representative and its respective agents are authorized to serve or provide any notices required under the Bankruptcy Rules or local Rules of this Court.

12. No action taken by the Foreign Representative, the Debtor, or their respective successors, agents, representatives, advisors, or counsel in preparing, disseminating, applying for, implementing, or otherwise acting in furtherance of or in connection with the Korean Rehabilitation Proceeding, this Order, this Chapter 15 Case, or any adversary proceeding herein, or contested matters in connection therewith, will be deemed to constitute a waiver of any immunity afforded the Foreign Representative, including without limitation pursuant to sections 306 or 1510 of the Bankruptcy Code.

13. The Foreign Representative is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

[3] The Supreme Court of the State of New York, County of New York: Commercial Division (the "NY State Court").

14. This Order is without prejudice to the Foreign Representative requesting any additional relief in the Chapter 15 Case, including seeking recognition and enforcement by this Court of any further orders issued in the Korean Rehabilitation Proceeding.

15. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

16. A copy of this Order shall be served within five business days of entry of this order, by electronic mail to the extent email addresses are available and otherwise by U.S. mail, overnight, or first-class postage prepaid, upon the Core Notice Parties (as defined in the *Ex Parte Motion for Order Scheduling Recognition Hearing and Specifying Form and Manner of Service of Notice*) and such other entities as the Court may direct. Such service shall be good and sufficient service and adequate notice for all purposes.

17. This Court shall retain jurisdiction with respect to the enforcement, amendment, or modification of this Order, any requests for additional relief or any adversary proceeding brought in and through this Chapter 15 Case, and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court.

18. Notwithstanding any applicability of any Bankruptcy Rules, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry and shall constitute a final order within the meaning of 28 U.S.C. § 158(a).

19. This Order applies to all parties in interest in this Chapter 15 Case and all of their agents and representatives, and all those who act in concert with them who receive notice of this Order.

**Dated: January 22nd, 2026**
**Wilmington, Delaware**

**KAREN B. OWENS**
**CHIEF JUDGE**