# EXHIBIT 1

## Stipulation

EXECUTION VERSION

**STIPULATION OF CLAIM SETTLEMENT**

This stipulation of claim settlement (the "Agreement") is entered into by and between the FTX Recovery Trust (the "FTX Recovery Trust"), as established pursuant to the *Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and its Debtor Affiliates* [D.I 26404-1] (the "Plan"),[1] and Professor Soogeun Oh, the receiver and authorized foreign representative of Junho Bang (in such capacities, the "Receiver"). The FTX Recovery Trust and the Receiver are each a "Party" and collectively, the "Parties." The Parties hereby agree as follows:

**WHEREAS**, on November 11, 2022 and November 14, 2022 (as applicable, the "Petition Date"), FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Delaware Bankruptcy Court"), commencing their chapter 11 cases (the "FTX Chapter 11 Cases");

**WHEREAS**, on October 8, 2024, the Delaware Bankruptcy Court entered the *Findings of Fact, Conclusions of Law and Order Confirming the Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* [D.I. 26404] (the "Confirmation Order") confirming the Plan, which Plan became effective on January 3, 2025 [D.I. 29127];

**WHEREAS**, Junho Bang ("Bang") is the holder of two customer claims: claim number 96400 and claim number 96401 filed in the FTX Chapter 11 Cases (the "Amended Claims");

**WHEREAS**, on December 31, 2025, Professor Soogeun Oh, in his capacity as Receiver, filed in the Delaware Bankruptcy Court a *Chapter 15 Petition for Recognition of a Foreign Proceeding* [Case No. 25-12298-KBO, D.I. 1] commencing the proceedings under chapter 15 of title 11 of the Bankruptcy Code (the "Bang Chapter 15 Case");

**WHEREAS**, on January 22, 2026, the Delaware Bankruptcy Court entered in the Bang Chapter 15 Case the *Order Granting Verified Petition for (I) Recognition of Foreign Main Proceeding; (II) Recognition of Foreign Representative; and (III) Related Relief Under Chapter 15 of the Bankruptcy Code* [Case No. 25-12298-KBO, D.I. 34], which, among other things, recognized Professor Oh as the duly appointed foreign representative of Bang;

**WHEREAS**, without any admission by any Party, and subject to the terms of this Agreement, the Parties desire to finally resolve and settle all disputes relating to the Amended Claims.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan.

**NOW, THEREFORE, IT IS HEREBY STIPULATED** by and between the undersigned Parties as follows:

**1. SETTLEMENT EFFECTIVE DATE**

(a) The "Settlement Effective Date" shall occur on the date that (i) signature pages executed by each of the Parties have been delivered to the other Party, and (ii) the Delaware Bankruptcy Court enters an order in each of the FTX Chapter 11 Cases and the Bang Chapter 15 Case (which such orders have each become a final order and not subject to any appeal, stay or vacatur) approving the Parties' entry into this Agreement in a form reasonably acceptable to each Party (the "Approval Orders").

**2. ALLOWANCE OF CLAIMS**

(a) The Parties agree that the Amended Claims shall be Allowed as Class 5A Dotcom Customer Entitlement Claims under the Plan in the respective amounts indicated below (the "Allowed Claims") and will be paid subject to and in accordance with the terms of the Plan:

(i) Claim No. 96400: $105,677,836.22; and

(ii) Claim No. 96401: $59,131,219.91.

(b) The Parties agree that the Allowed Claims shall be in consideration of this Agreement and full and final satisfaction of the Amended Claims and all claims asserted therein or that otherwise have or could have been asserted against the Debtors or the FTX Recovery Trust by Bang or the Receiver.

**3. DISTRIBUTIONS TO RECEIVER; USE OF DISTRIBUTIONS**

(a) All distributions from the FTX Recovery Trust on account of the Allowed Claims shall be made solely to the Receiver, in his capacity as receiver and foreign representative of Bang, and not to Bang individually or to any other person or entity.

(b) All distributions on account of the authorized Allowed Claims made to the Receiver by the FTX Recovery Trust shall ultimately be allocated and distributed to Bang's creditors in accordance with a final and effective plan of reorganization approved by the Seoul Bankruptcy Court (101st Single Bench) in the proceeding captioned *Seoul Bankruptcy Court 2025Hoedan142 Rehabilitation*.

(c) The Receiver represents and warrants that no distributions received on account of the Allowed Claims will be paid to Bang.

**4. RELEASE**

(a) On the Settlement Effective Date, the Receiver unconditionally and irrevocably releases, acquits and forever discharges the Debtors, the FTX Recovery Trust, each of the Debtors' and the FTX Recovery Trust's respective current officers, members, directors, employees, agents, attorneys, and the Plan Administrator from any and all claims, counterclaims, demands, liabilities,

suits, debts, costs, expenses, and causes of action, including but not limited to claims for interest, compensatory, exemplary, statutory, punitive or restitutionary damages, and expert or attorneys' fees and costs, whether in law or equity and whether direct or indirect, known or unknown, asserted or unasserted, foreseen or unforeseen, liquidated or unliquidated, or fixed or contingent, arising out of or relating to the Amended Claims or Bang's accounts on the FTX.com exchange; *provided, however*, that the foregoing shall not release any obligation arising under, or claim for breach of, this Agreement.

## 5. MISCELLANEOUS PROVISIONS

(a) Authorization. The Parties each represent and warrant that the undersigned is fully authorized and empowered to execute and deliver this Agreement on behalf of, and to bind, each of the Parties, as applicable, to the terms and conditions of this Agreement.

(b) Good Faith and Understanding. The Parties expressly represent and warrant that this Agreement is entered into in good faith and acknowledge that execution of this Agreement is not the product or result of any duress, economic or otherwise. The Parties represent and warrant that they have read and understand the terms of this Agreement.

(c) Interpretation. No Party shall be deemed to be the drafter of this Agreement or any provision hereof for the purpose of any statute, case law or rule of interpretation or construction that would or might cause any provision to be construed against the drafter.

(d) No Adverse Action. The Receiver shall not file or cause to be filed in the FTX Chapter 11 Cases any motion, adversary proceeding, or other request for relief except as necessary to enforce the terms of this Agreement.

(e) No Admission of Liability. The undersigned Parties each acknowledge and agree that the matters set forth in this Agreement constitute the settlement and compromise of disputed claims and defenses, that this Agreement is not an admission or evidence of liability or infirmity by any of them regarding any claim or defense, and that the Agreement shall not be offered or received in evidence by or against any Party except to enforce its terms.

(f) Execution in Counterparts. This Agreement may be executed in multiple counterparts, each of which constitutes an original as against the Party that signed it, and all of which together constitute one agreement.

(g) Amendments. This Agreement shall not be modified in any respect except by a writing executed by all the Parties, and the waiver of any rights conferred hereunder shall be effective only if made by written instrument of the waiving party. The waiver by any party of any breach of this Agreement shall not be deemed or construed as a waiver of any other breach of this Agreement, whether prior, subsequent or contemporaneous.

(h) Integrated Agreement. This Agreement constitutes the entire agreement between the Parties and no representations, warranties or inducements have been made to any Party concerning this Agreement other than the representations, warranties and covenants contained and memorialized herein.

(i) Governing Law. This Agreement shall be governed by and construed and enforced in accordance with the laws of the State of Delaware (without regard to conflicts of law principles that would result in the application of any law other than the law of the State of Delaware).

(j) Consent to Venue. The Parties irrevocably and unconditionally submit to and accept the jurisdiction of the Delaware Bankruptcy Court for any action, suit or proceeding arising out of or based upon this Agreement, and waive any objection that each may have to the laying of venue in any such court or that any such court is an inconvenient forum or does not have personal jurisdiction over it in connection with such an action, suit or proceeding.

(k) Costs. Each Party shall bear its own attorneys' fees and costs incurred in connection with this Agreement and other matters contemplated herein.

[*The remainder of this page is intentionally left blank.*]

**IN WITNESS WHEREOF**, the Parties hereto have caused this Agreement to be executed by each of them on the dates hereinafter subscribed.

**FTX RECOVERY TRUST**

Date: July 27, 2026

______________________________

John J. Ray III, on behalf of the Plan Administrator

**SOOGEUN OH**

Date: July __, 2026

______________________________

Soogeun Oh, in his capacities as receiver and authorized foreign representative of Junho Bang

**IN WITNESS WHEREOF**, the Parties hereto have caused this Agreement to be executed by each of them on the dates hereinafter subscribed.

**FTX RECOVERY TRUST**

Date: July __, 2026 ______________________________

John J. Ray III, on behalf of the Plan Administrator

**SOOGEUN OH**

Date: July 28, 2026 OH SOOGEUN LAW KOREA
OH SOOGEUN LAW KOREA (Jul 28, 2026 07:09:23 GMT+9)

Soogeun Oh, in his capacities as receiver and authorized foreign representative of Junho Bang

# FTX.Bang - Claim Stipulation (4908-2334-1984.9)

Final Audit Report 2026-07-27

| | |
|---|---|
| Created: | 2026-07-27 |
| By: | Steven Golden (sgolden@pszjlaw.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAjlZvx5pkFrIH4Fu0dzCMJtrNkjYK5Kzy |

## "FTX.Bang - Claim Stipulation (4908-2334-1984.9)" History

Document created by Steven Golden (sgolden@pszjlaw.com)
2026-07-27 - 5:53:53 PM GMT

Document emailed to OH SOOGEUN LAW KOREA (ohsoogeun@naver.com) for signature
2026-07-27 - 5:55:10 PM GMT

Email viewed by OH SOOGEUN LAW KOREA (ohsoogeun@naver.com)
2026-07-27 - 10:06:20 PM GMT

Document e-signed by OH SOOGEUN LAW KOREA (ohsoogeun@naver.com)
Signature Date: 2026-07-27 - 10:09:23 PM GMT - Time Source: server - Signature Appearance Selected: TYPE

Agreement completed.
2026-07-27 - 10:09:23 PM GMT